**UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA**

In re:                                                                                                                BKY #18-31777
                                                                                                                           Chapter 12

David J. DeBoer and Lisa M. DeBoer,

        Debtors.

**MODIFIED CHAPTER 12 PLAN OF REORGANIZATION DATED October <u>24</u>, 2018**

## ARTICLE I: Summary of the Plan

       This plan shall continue for a period of Five (5) years from its effective date. The property of the debtors is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The debtors will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S. C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

## ARTICLE II: Definitions

1.    "Creditors" means all entities having a claim against the debtors.
2.    "Secured Creditor" means a creditor with a lien or security interest in property of the debtors.
3.    "Claim" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in the plan whether or not a claim is filed.
4.    "Effective Date" means the date on which the Order of Confirmation becomes final.
5.    "Trustee" means the Chapter 12 Trustee.
6.    "Disposable Income" means all income received by the debtors annually after deducting operating expenses, living expenses (salaries approved) and plan payments.

## ARTICLE III: Liquidation Test

       The debtors' net equity in their property, after deducting the amounts of the secured claims and exemptions, is <u>$121,107.00</u> and no/100ths. General and priority unsecured creditors (but not including attorney's fees) will receive no less than <u>$121,107.00</u> over the life of the Plan. The debtors' liquidation analysis is attached to this plan as Exhibit A.

## ARTICLE IV: Disposable Income

       The debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that they may have disposable income annually in the amount of $16,279.61. For the term of this plan, all of the debtors' disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the debtors and their dependents) for five (5) years following the effective date, shall be submitted to the Trustee for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

## ARTICLE V: Living Expenses

The debtors' projection of living expenses are $55,400.00. Debtors agree that it is necessary expenses will be limited to $55,400.00. The debtors shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

## ARTICLE VI: Classification and Treatment of Claims

**Class 1**. **Costs of Administration**. This Class includes compensation and expenses of professionals and court costs and all expenses incurred by the debtors after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court. The Chapter 12 Trustee shall make application to the Court for approval of trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The debtors shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtors, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtors if specified in the Plan.**

**Class 2: Secured Claims.** Class 2 consists of the following secured claims:

**A.** The claim of Deere & Company (Deere), the debtors' interest in the tractor shall be surrendered as to debtors' interest. Andrew DeBoer's interest is not affected by this Plan.

**B.** The partially secured claim of Rock County Rural Water Dist. (RCRW) in the amount of $15,000.00. The claim is secured by real estate and shall be paid its allowed secured claim with interest at a rate of 4.5% per annum amortized over a 15 year period. The annual payment of $1,396.71 beginning March 1, 2019.

**C.** Schwartz Brothers contract is rejected. The terms of the settlement between Schwartz Brothers, the debtor, David DeBoer and American State Bank are incorporated herein by reference (See Attached Exhibit D)

**D.** The secured Claim of American State Bank (ASB) is approximately $1,300,000. This indebtedness owed to ASB will be paid as follows:

i. Debtors will pay ASB $514,440.00 with interest at the rate of 4.5% per annum, as amortized over a 20 year term, with the 4.5% interest rate applicable starting March 15, 2019. On each fifth anniversary, following commencement of payments hereunder, the interest rate will be adjusted to a rate equal to Wall Street Prime plus 1.25%; provided, however, that no such adjustment shall result in an increase or decrease of the rate of interest in excess of 1.75% over or under the rate previously in effect under this section. In the event adjustment would result in exceeding these limits, the rate shall be increased or decreased by 1.75% from the rate previously in effect under this section. The annual payment will be in the amount of $39,548.16 with the first payment beginning March 1, 2019, and continuing annually thereafter.

ii. Debtors will pay ASB $154,850.00 with interest at a rate of 4.5% per annum, as amortized over a 7 year term, with the 4.5% interest rate applicable starting December 15, 2018. On the fifth anniversary, following

       commencement of payments hereunder, the interest rate will be adjusted to a rate equal to Wall Street Prime plus 1.25%; provided, however, that no such adjustment shall result in an increase or decrease of the rate of interest in excess of 1.75% over or under the rate previously in effect under this section. In the event adjustment would result in exceeding these limits, the rate shall be increased or decreased by 1.75% from the rate previously in effect under this section. The annual payment will be in the amount of $26,278.27 with the first payment beginning March 15, 2019, and continuing annually thereafter. This claim is secured by the Debtors' equipment.

   iii.    As an additional principal payment, Debtors have liquidated their crop account and their pre-petition custom feeding account receivable within thirty (30) days of the confirmation of the Plan and the remainder of the money from sale of the crop, and money from sale of feed post-petition. The Debtors believe that $312,859.00 will be available. All of the Schwartz Brothers' money and the crop proceeds from the 2017 crop will be surrendered.

   iv.    ASB will be entitled to a continuing security agreement in all equipment and real estate now owned to secure the payments due above.

   v.    For so long as any indebtedness remains due to ASB, Debtors will comply with the following requirements:

        1. Debtors shall provide ASB with copies of all reports provided to the United States Trustee, by forwarding the same electronically to ASB's counsel of record simultaneous with their transmission to the Trustee's office.
        2. Debtors shall pay real estate taxes and maintain insurance on all property subject to the mortgages and security interests in favor of ASB, with deductibles consistent with those carried historically, with ASB named as loss payee, or an additional insured where applicable, insuring such property for its full, insurable value against perils covered by fire and extended coverage policies of insurance.

All reports and documents required to be supplied in this paragraph to ASB will be supplied directly from Debtors to ASB following confirmation.

   vi.    For so long as any indebtedness remains due to ASB, Debtors will maintain all equipment in good working order.

   vii.    Debtors reserve the right to prepay principle at any interval on this debt, without having to pay any penalty.

   viii.    In the event that the Debtors do not comply with any of the above terms, ASB will be entitled to ex parte relief from the automatic stay upon expiration of thirty (30) calendar days after service by U.S. Mail of an affidavit of default upon the Debtors and his attorney; and upon failure by the Debtors to cure the same. If a default notice issues and the default is cured within the thirty (30) day allowed, the movant will be entitled to $75.00 as compensation for attorney fees incurred for the notice. In the event the movant issues two default notices which are cured, the movant may be entitled to ex parte relief from the automatic stay immediately upon the third default by the debtors. Movant shall also be entitled to immediate ex parte relief in the event the bankruptcy is converted to a Chapter 7 case. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

   ix.    All agreements, representations, and warranties made herein will survive the confirmation of the Plan. In connection therewith, it is the understanding and agreement of the parties that this treatment is binding in any subsequent disposition of this case including its conversion to another chapter of the Bankruptcy Code or its dismissal on all parties.

   x.    All other terms and provisions stay in effect except as modified herein.

xi. Due to the unique nature of obligations set forth herein, in the event of default by any party, any other party may apply to a Court of competent jurisdiction for a decree of specific performance against the defaulting party. All parties acknowledge that in the event of a default, it may not be an adequate remedy to declare this agreement null and void, or to seek any type of money damages or relief. It is for this reason that either Debtors or ASB shall have the option to seek a decree of specific performance in the Bankruptcy Court and/or state court against a party that is in default. The non- defaulting party, however, shall not be required to seek a decree of specific performance but rather the seeking and obtaining of such a decree shall be an option, in addition to any and all other legal remedies that might be available because of the default.

xii. All agreements, representations, and warranties made herein will survive the execution of this agreement. In connection therewith, it is the understanding and agreement of the parties that the treatment is binding and any subsequent disposition of this case including its conversion to another chapter of the Bankruptcy Code or its dismissal on all parties.

xiii. ASB shall take no action to continue its State foreclosure proceedings as long as there is no monetary default or any default in performance of an affirmative covenant as it relates to ASB as set forth in the Plan.

**E.** The lease of the Side Dump Trailer is rejected as to David DeBoer. Vis and Van Dyken shall remain liable on the lease with no claim of ownership in the side dump trailer by the estate.

**F.** The claim of the Helen B. Short Living Trust secured by lien on farm products in the amount of $28,000.00. Said claim has no value and the claim is addressed in Class 4. The Landlord Agreement lien is extinguished by this treatment.

**G.** The claim of the Hoines Trust secured by lien on farm products in the amount of $42,000.00. Said claim has no value and the claim is addressed in Class 4. The Landlord Agreement lien is extinguished by this treatment.

**Class 3: Priority Unsecured Claims.** Class 3 consists of all claims entitled to priority under § 507, including the following: None.

**Class 4. General Unsecured Claims.** Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the debtors are the principal, and claims for taxes and penalties which are not included in any other Class.

Debtors shall pay the unsecured payout required by Class 4 above as follows:

The debtor will borrow $70,000.00 from Ahrendt Brothers. Ahrendt Brothers will be granted a lien on the 1/6 remainder interest of real estate interest of Lisa DeBoer, described as the following:

See attached Exhibit "C"

The $70,000.00 obligation shall bear interest at the rate of 4.5%. No principal payments or interest will be due for the life of the plan. The loan proceeds will be paid to the Chapter 12 Trustee upon confirmation and recording of the mortgage on the 1/6 interest and to grant a perfected lien security interest

in the 1/6 interest of Lisa DeBoer. This payment represents the present value of the real estate taking into account liquidation costs and other expenses.

The debtors will liquidate the non-exempt vehicles, except the feed truck, and the net proceeds shall be paid to the Chapter 12 Trustee for distribution to the unsecured class. The debtors will also liquidate the Minnesota Soybean Processor shares and pay the net proceeds to the Chapter 12 Trustee.

An additional payment of $50,000.00 by payment of $10,000.00 per year starting November 11, 2019 every year on that date until paid in full. All disposable income, that is, future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the Debtors and their dependents, for five years following the effective date, shall be submitted to the Trustee for distribution. All creditors with Class 4 claims shall be paid his pro rata share of disposable income after administrative and priority claims have been paid. Debtors will liquidate the motor vehicles not declared exempt, and the net proceeds will be paid to the Trustee.

**Class 5. Executory Contracts and Leases**. Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The debtors assume the following executory contracts and leases:
- **A.** Vermeer Cattle Company-Custom Cow Feeding is assumed.
- **B**. Spronk Brothers post-petition Agreement is assumed.

## ARTICLE VII: Execution of Plan and Cash Flow Analysis

The debtors propose to continue their farming operations and make the plan payments out of farm or other income. The debtors' projections of income, operating expenses, and plan payments are attached as Exhibit B.

## ARTICLE VIII: Modification to Plan After Confirmation

The Debtors may request the Court to modify this Plan before or after confirmation in accordance with the provisions of 11 U.S.C. Section 1222 or Section 1229.

## ARTICLE IX: Retention of Liens and Incorporation of Documents

All creditors whose claims are treated as secured in this plan shall retain his liens on the collateral securing their respective claims as specified in the plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This plan and the Order confirming the plan may be recorded in the Office of the County Recorder of each county where a mortgage modified herein is recorded and the recordation of this Plan of reorganization shall constitute a modification of the terms and conditions of said instruments as set forth herein. Either Debtors or any creditor may file the contractual plan without violation of the automatic stay.

## ARTICLE X: General Provisions

1. The Court shall retain jurisdiction over the debtors and their property for the term of the plan.

2. As part of the continuing farm operation, the debtors shall submit operating reports and bank statements on a monthly basis during the life of this Plan to the Chapter 12 Trustee. The

debtors shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

3. Except as provided in the Plan, the order confirming the Plan vests all property of the estate of the Debtors free and clear of all liens and encumbrances.

_____

/e/David C. McLaughlin
David C. McLaughlin
Bar no.: 127383
FLUEGEL, ANDERSON, MCLAUGHLIN,
& BRUTLAG, CHARTERED
25 2nd St. NW, Suite 102
Ortonville, MN 56278
Tele: (320) 839-2549
Fax: (320) 839-2540
Email: dmclaughlin@fluegellaw.com

| Deboer, David | | LIQUIDATION ANALYSIS | | | EXHIBIT A |
|---|---|---|---|---|---|
| Asset | Value | Lien | 2nd Lien | Exemption | NE Assets |
| Real Estate | | | | | |
| Homestead | $ 932,807.00 | $ 514,440.00 | | $ 478,367.00 | |
| Lisa's 1/6 Interest in property | $ 77,344.00 | | | | $ 77,344.00 |
| Deposits of Money | | | | | |
| Checking: American State | $ - | | | | $ - |
| Checking Accounts: Minnwest | $ 100.00 | | | | $ 100.00 |
| Checking Accounts: Minnwest | $ 2,529.81 | | | | $ 2,529.81 |
| Savings: Minnwest | $ 300.94 | | | | $ 300.94 |
| Health Savings Account | $ 5,400.00 | | | $ 5,400.00 | $ 5,400.00 |
| Vehicles/Trailer/Recreational | | | | | |
| 2002 Ford F-250 Pickup | $ 3,350.00 | | | | |
| 2013 Ford F-150 Pickup | $ 20,604.00 | | | $ 5,060.00 | $ 15,544.00 |
| 2016 Dodge Journey | $ 15,800.00 | | | $ 5,060.00 | $ 10,740.00 |
| 2001 NEWN Trailer | $ 500.00 | | | | |
| 1991 Freightliner Truck | $ 2,200.00 | | | | |
| 2001 JET Trailer | $ 4,500.00 | | | | |
| 1991 KFBT Trailer | $ 2,500.00 | | | | |
| 2007 Kenworth Rotomix | $ 55,000.00 | | | | |
| 2011 MS Utility Trailer | $ 500.00 | | | | |
| John Deere 425 Lawn Mower | $ 800.00 | | | | |
| 2003 Polaris Sportsman | $ 1,500.00 | | | | |
| 1991 Arca Prowler | $ 250.00 | | | | |
| SeaRay boat & Trailer | $ 1,500.00 | | | | |
| Stocks/Bonds | | | | | |
| Minnesota Soybean Processor | $ 18,000.00 | | | | $ 18,000.00 |
| Heron Lake BioEnergy | $ - | | | | |
| Retirement/Financial Accounts | | | | | |
| Roth IRA: Fidelity | $ 45,712.00 | | | $ 43,272.00 | |
| Deferred Comp: Valic | $ 8,134.00 | | | $ 8,134.00 | |
| Roth IRA: Putnam | $ 7,699.00 | | | $ 7,204.00 | |
| Pension: Pera | $ 53,802.00 | | | $ 53,802.00 | |
| Annuities: Federated | $ 4,027.00 | | | $ 4,027.00 | |
| Accounts Receivable | | | | | |
| Custom Feeding Operation | $ 145,662.00 | $ 145,662.00 | | | |
| Crops-2017 | $ 167,197.00 | $ 167,197.00 | | | |
| Insurance Policies | | | | | |
| Thrivent | $ 10,660.00 | | | $ 10,660.00 | |
| State Farm | $ - | | | | |
| AIG | $ - | | | | |
| Farm Equipment | | | | | |
| JD 630F BEANHEAD 2009 | $ 8,000.00 | $ 8,000.00 | | | |
| JD 8110 TRACTOR 2001 | $ 50,000.00 | $ 50,000.00 | | | |
| JD 8300 TRACTOR | $ 24,000.00 | $ 14,500.00 | $ 10,000.00 | | |
| CIH 5240 TRACTOR 1995 | $ 9,500.00 | $ 4,500.00 | | $ 5,000.00 | |
| IH 1586 1981 | $ 7,500.00 | $ 7,500.00 | | $ 15,000.00 | |
| IH 986 TRACTOR 1978 | $ 5,000.00 | | | $ 5,000.00 | |
| CAT IT24F PAYLOADER 1996 | $ 1,000.00 | $ 1,000.00 | | $ 1,000.00 | |
| WESTENDORF TA46 LOADER | $ 5,000.00 | $ 5,000.00 | | | |
| JD 12M PLANTER | $ 5,500.00 | $ 5,500.00 | | | |
| SPREAD ALL 20T SPREADER 2005 | $ 20,000.00 | $ 20,000.00 | | | |
| SPREAD ALL 20T SPREADER 2006 | $ 20,000.00 | $ 20,000.00 | | | |
| HAYBUSTER 2650 SHREDDER 2002 | $ 5,500.00 | $ 5,500.00 | | | |
| WESTFIELD GRAIN AUGER | $ 500.00 | $ 500.00 | | | |
| FETERL 10X60 AUGER | $ 500.00 | $ 500.00 | | | |
| WESTFIELD TK AUGER 2011 | $ 2,000.00 | $ 2,000.00 | | | |
| IH 56 FORAGE BLOWER | $ 400.00 | $ 400.00 | | | |
| BUSH HOG DM80 MOWER | $ 1,500.00 | $ 1,500.00 | | | |
| KUHN RAKE 2013 | $ 3,500.00 | $ 3,500.00 | | | |
| BALE MOVER | $ 1,000.00 | $ 1,000.00 | | | |
| HAY RACK | $ 500.00 | $ 500.00 | | | |
| HAY RACK | $ 500.00 | $ 500.00 | | | |
| JMS HEAD CART 2011 | $ 2,500.00 | $ 2,500.00 | | | |
| DEMCO SPRAYER 2002 | $ 7,500.00 | $ 7,500.00 | | | |
| SUDENGA BEAN CART 2000 | $ 1,000.00 | $ 1,000.00 | | | |
| JD 510 RIPPER 1999 | $ 1,250.00 | $ 1,250.00 | | | |
| IH 806 TRACTOR 1966 | $ 5,000.00 | $ 5,000.00 | | | |
| All other Equipment | | | | | |
| MISC | | | | | |
| Household | $ 4,000.00 | | | $ 2,000.00 | |
| Firearm | $ 400.00 | | | | |
| Clothes | $ 500.00 | | | $ 500.00 | |
| Jewelry | $ 800.00 | | | $ 800.00 | |
| **Totals** | **$ 1,782,728.75** | **$ 996,449.00** | **$ 10,000.00** | **$ 650,286.00** | **$ 129,958.75** |

| | | |
|---|---|---|
| Liquidation Expenses for unsecured Creditors | $ | 25,000.00 |
| Remainder | $ | 104,958.75 |

PROJECTION OF INCOME AND OPERATING EXPENSES AND PLAN PAYMENTS

| Income: | |
|---|---:|
| Farm Income | $48,002.04 |
| Farm Income Custom Feeding | $162,000.00 |
| | |
| Expenses: | |
| Living Expenses | $55,000.00 |
| | |
| Payments to Creditors: | |
| ASB -1 | $39,548.16 |
| ASB - 2 | $26,278.27 |
| RCRW | $1,396.00 |
| | |
| Operating Expenses | $71,500.00 |
| | |
| | |
| | $16,279.61 |

DeBoer

*Unsecured creditor payment $14,879.01 plus any disposable income for 5 years.

ATTACHED EXHIBIT C

Tracts located in the West Half of the Southwest Quarter (W1/2 SW1/4).

Section Twenty-Five (25), Township One Hundred Three (103) North,

Range Forty-Six (46) West of the 5th P.M., described as follows:

THE S.570 feet of the W.710 feet thereof;

AND That portion described as follows: Commencing at the Southwest Corner of said Section 25, thence North 90 degrees 00 minutes 00 seconds East (assumed bearing) along South Line of the SW1/4 of said Section 25 for a distance of 710.00 feet to the point of beginning,
thence continuing North 90 degrees 00 minutes 00 seconds East along said South Line for a distance of 58.00 feet; thence North 00 degrees 05 minutes 21 seconds West for a distance of 570.00 feet; thence South 90 degrees 00 minutes 00 seconds West for a distance of 58.00 feet; thence South 00 degrees 05 minutes 21 seconds East for a distance of 570.00 feet to the point of beginning.

AND that portion described as follows: Commencing at the Southwest Corner of said Section 25, thence North 90 degrees 00 minutes 00 seconds East (assumed bearing) along the South Line of the SW1/4 of Section 25 for a distance of 768.00 feet to the point of beginning, thence continuing North 90 degrees 00 minutes 00 seconds East along said South Line for a distance 538.61 feet to the Southeast Corner of said W1/2 SW1/4; thence North 00 degrees 24 minutes 05 seconds East along the East Line of said W1/2 SW1/4 for a distance of 570.02 feet; thence South 90 degrees 00 minutes 00 seconds West for a distance of 543.49 feet; thence South 00 degrees 05 minutes 21 seconds East for a distance of 570.00 feet to the point of beginning.

EXCEPT Parcel B Described as:

That part of the Southwest Quarter (SW ¼) of Section Twenty-Five (Sec. 25), Township 103 North, Range 46 West of the 5th P.M., Rock County, MN, described as follows:

Beginning at the Southwest Corner of said Section 25; thence North 90°00'00" East (assumed bearing) along the south line of the Southwest quarter (SW ¼) of said Section Twenty-five (25) for a distance of 327.90 feet; thence North 00°05'21" West for a distance of 570.00 feet; thence South 90°00'00" West for a distance of 327.90 feet to the west line of the Southwest Quarter of said Section 25; thence South 90°05'21" East along said west line for a distance of 570.00 feet to the Point of Beginning, containing 4.29 acres of which .81 acres are reserved as public road right-of-way.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
_____

In Re:

David DeBoer and Lisa DeBoer,

      Debtors.

Bky. No. 18-31777
Chapter 12
_____

**SETTLEMENT AGREEMENT**
_____

This Stipulation ("Stipulation") is made and entered into as of the _____ day of July, 2018, by and among David and Lisa DeBoer ("Debtors"), Schwartz Farms, Inc., a Minnesota corporation ("Schwartz"), and American State Bank of Iowa (the "Bank"), and is as follows:

**RECITALS:**

WHEREAS, Schwartz and Debtors entered into an Independent Contractor Agreement, dated February 1, 2013 (the "Agreement"), pursuant to which Debtors agreed to provide facilities and services to finish Schwartz's pigs for market in exchange for monthly grower payments from Schwartz; and

WHEREAS, on or about October 25, 2017, Debtor David DeBoer sustained an injury from a farm accident; and

WHEREAS, on or about October 27, 2017, Schwartz received a notice from the Bank wherein the Bank asserted a perfected security interest in all of Debtors' rights to payment under the Agreement, that it is the assignee of Schwartz's account obligations to Debtors, and directed Schwartz, pursuant to Minn. Stat. § 336.9-607, to remit any and all payments due and owing to Debtors under the Agreement to the Bank; and

1

WHEREAS, Debtors filed for bankruptcy protection in this case on November 27, 2017 (the "Petition Date") and , Debtors filed a request for dismissal of the bankruptcy on April 18, 2018, and on April 18, 2018 the Court dismissed Debtors' bankruptcy case; and

WHEREAS, Debtors do not dispute the Bank's security interest or rights as an assignee to the payments due under the Agreement; and

WHEREAS, beginning on or about the Petition Date, Debtors failed to perform certain of their obligations under the Agreement with respect to the care of Schwartz's pigs and, as a result, Schwartz assumed these obligations and incurred certain costs and expenses in respect thereof; and

WHEREAS, Schwartz asserts that Debtors' non-performance is a default under the Agreement and sent Debtors written notice of default by letter dated January 18, 2018; and

WHEREAS, Debtors do not dispute their non-performance under their Agreement, or that Schwartz incurred costs and expenses as a result of this non-performance, but assert that their non-performance is due to the injury sustained by Debtor David DeBoer on or about October 25, 2017; and

WHEREAS, the parties have had discussions regarding resolving their respective disputes and claims under or in respect of the Agreement, whether arising before or after the Petition Date, have reached agreement regarding the same, and now wish to reduce their agreement to writing.

NOW THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. <u>Pre-Petition Grower Payments</u>.  The sum of $24,400.00 (the "Pre-Petition Amount") was owed to the Debtors under the Agreement and is subject to the security interest and assignment rights of the Bank.

2. <u>Payment of Pre-Petition Amount</u>.  Schwartz will pay to the Bank the Pre-Petition Amount no later than fifteen (15) business days following approval by the Court of this Stipulation.

3. <u>Rejection of Agreement</u>.  The Agreement between Schwartz and the Debtors is rejected and there are no further obligations between or among Debtors, the estate, and Schwartz.

4. <u>Release by Bank</u>.  The Bank, for itself and its successors and assigns, releases and discharges the "Schwartz Released Parties" (as defined below) from any and all known or unknown claims, complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights, debts, demands, controversies, costs, losses and expenses whatsoever, existing now or in the future, under any municipal, local, state or federal law, common or statutory, related to, concerning, or arising, directly or indirectly, from, the Agreement.  The term "Schwartz Released Parties" shall mean Schwartz and its current and former subsidiaries, affiliated and related companies, partnerships and entities, their successors and assigns, and any current or former owners, shareholders, officers, directors, agents, representatives, and employees of Schwartz or its current or former subsidiaries, affiliated and related companies, partnerships and entities, and their guardians, successors, assigns, heirs, executors and administrators.

5. <u>Release by Debtors</u>.  The Debtors, for themselves and their successors and assigns, release and discharge the "Schwartz Released Parties" (as defined above) from any and all

3

known or unknown claims, complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights, debts, demands, controversies, costs, losses and expenses whatsoever, existing now or in the future, under any municipal, local, state or federal law, common or statutory, related to, concerning, or arising, directly or indirectly, from, the Agreement.

      6. <u>Release by Schwartz</u>. Schwartz, for itself and its successors and assigns, releases and discharges the Debtors from any and all known or unknown claims, complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights, debts, demands, controversies, costs, losses and expenses whatsoever, existing now or in the future, under any municipal, local, state or federal law, common or statutory, related to, concerning, or arising, directly or indirectly, from, the Agreement. This release includes but is not limited to any claim Schwartz may have for damages resulting from the rejection of the Agreement.

      7. <u>Miscellaneous</u>. This stipulation may not be amended other than by subsequent written agreement executed by all parties hereto. No party will be deemed to have waived any rights under this stipulation absent a written statement of waiver signed by the party alleged to have waived rights. This stipulation sets forth all of the terms negotiated between the parties with respect to the subject matter hereof. This stipulation will be construed and interpreted under the laws of the State of Minnesota. This stipulation may be executed in counterparts and signatures provided by facsimile or other electronic means.

|  | **ATTORNEYS FOR AMERICAN STATE BANK OF IOWA** |
|---|---|
| Dated: May ___, 2018 | |
| | Jennifer G. Lurken   #347516<br>GISLASON & HUNTER LLP<br>124 East Walnut Street, Suite 200<br>P. O. Box 1268<br>Mankato, MN  56002-1268<br>Phone:  507-387-1115<br>jlurken@gislason.com |
| | **ATTORNEYS FOR DAVID DEBOER AND LISA DEBOER** |
| Dated: May ___, 2018 | |
| | David McLaughlin  #0127383<br>FLUEGEL ANDERSON MCLAUGHLIN & BRUTLAG<br>25 NW 2nd Street, Suite 102<br>Ortonville, MN 56278<br>Phone:  320-839-2549<br>David.fhmab@midconetwork.com |
| | **ATTORNEYS FOR SCHWARTZ FARMS** |
| Dated: May ___, 2018 | |
| | Daniel J. Schwartz  #0388907<br>SCHWARTZ FARMS, INC.<br>32296 190th Street<br>Sleepy Eye, MN 56085<br>Phone: 507-794-8926<br>dschwartz@schwartzfarms.net |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
David J DeBoer
Lisa M DeBoer
Debtor(s).

Case No. 18-31777

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 12 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 12 PLAN
☐ OTHER (PLEASE DESCRIBE: _____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 12 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 12 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: October 24, 2018

X /s/ David J DeBoer
Signature of Debtor1 or Authorized Representative

X /s/ Lisa M DeBoer
Signature of Debtor 2

David J DeBoer
Printed Name of Debtor 1 or Authorized Representative

Lisa M DeBoer
Printed Name of Debtor 2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  BKY #18-31777
 Chapter 12

David DeBoer and Lisa DeBoer,

    Debtors.

## UNSWORN DECLARATION FOR PROOF OF SERVICE

    The undersigned, being an employee of Fluegel, Anderson, McLaughlin & Brutlag, Chartered declares that on the date indicated below, I served true and correct copies of the following:

- MODIFIED CHAPTER 12 PLAN OF REORGANIZATION

upon all entities named below by first class mail postage prepaid and by first class mail postage prepaid to a domestic or foreign corporation or upon a partnership or other unincorporated association to the attention of a managing agent, or by certified mail prepaid to an insured depository institution addressed to an officer of the institution and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Office of the U.S. Attorney
600 US Courthouse
300 S. Fourth St.
Minneapolis, MN 55415

    AND: ALL CREDITORS ON ATTACHED MATRIX.

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: October 24, 2018                                                                      /e/ Lisa J. Berkner

```
Label Matrix for local noticing            American State Bank of Iowa              DEERE & COMPANY
0864-3                                     525 N Main Avenue                        6400 NW 86TH STREET
Case 18-31777                              Sioux Center, IA 51250-1823              ST JOHNSTON, IA 50131-2945
District of Minnesota                        Attn: Officer of Institution             Attn: Managing Agent
St Paul                                      Sent Certified and 1st Class Mail
Thu Oct 18 09:44:29 CDT 2018

John Deere Financial                       St Paul                                  AMERICAN STATE BANK
6400 NW 86th Street                        200 Warren E Burger Federal Building and 624 MAIN STREET
Johnston, IA 50131-2945      ✓             US Courthouse                            PO BOX 806
  Attn: Managing Agent                     316 N Robert St                          Hull IA 51239-0806
                                           St Paul, MN 55101-1465                     Attn: Officer of Institution
                                                                                      Sent Certified and 1st Class Mail

Andrew Deboer                              CHANDLER FEED COMPANY                    CHS EASTERN CO-OP
910 141st St                               741 VALLEY ROAD                          402 S FREEMAN AVENUE
Luverne MN 56156-4045                      Chandler MN 56122-1188                   Luverne MN 56156-2006
                                             Attn: Managing Agent                     Attn: Managing Agent


CHS Inc.                                   CNH Capital                              Carol A. Hoines Revocable Trust
5500 Cenex Drive                           PO Box 790449                            c/o Krystal M. Lynne              ✓
Inver Grove Heights, MN 55077-1721         Saint Louis MO 63179-0449                Stermer & Sellner, Chtd.
  Attn: Managing Agent                       Attn: Managing Agent                   102 Parkway Drive, PO BOX 514
                                                                                    Montevideo, MN 56265-0514

Deere & Company d/b/a John Deere Financ    Discover                                 Diversified Crop Insurance
John Deere Financial                       PO Box 6103                              25532 Network Place
PO Box 6600                  ✓             Carol Stream IL 60197-6103               Chicago IL 60673-1255
Johnston, IA 50131-6600                      Attn: Managing Agent                     Attn: Managing Agent
  Attn: Managing Agent

Eugene Deboer                              Express Ag                               Extended AG
4634 Canterbury Ct                         612 W Hatting St                         507 Milwaukee St
Hudsonville MI 49426-2918                  Luverne MN 56156-2237                    Lakefield MN 56150-9451
                                             Attn: Managing Agent                     Attn: Managing Agent


GISLASON & HUNTER, LLP                     Helen B. Short Living Trust              Hoines Trust
PO BOX 458                                 6317 S Wicklow Ave                       3112 W Auburn Hills Ct
New Ulm MN 56073-0458                      Sioux Falls SD 57108-3234                Sioux Falls SD 57108-1503


John Deere Financial                       John Deere Financial, f.s.b., dba John Deere  Krystal M. Lynne
PO Box 4450                                John Deere Financial                      Stermer & Sellner, Chtd.
Carol Stream IL 60197-4450                 PO Box 6600                               102 Parkway Drive, PO Box 514
                                           Johnston, IA 50131-6600                   Montevideo, MN 56265-0514
                                             Attn: Managing Agent

R & S Sales LLC                            Rock County Rural Water Dist             SCHWARTZ FARMS, INC
1059 100th Ave                             541 150th Ave                            32296 190TH ST
Luverne MN 56156-4101                      Luverne MN 56156-4142                    Sleepy Eye MN 56085-4374
  Attn: Managing Agent                       Attn: Managing Agent                     Attn: Managing Agent


Sanford Health                             Stermer & Sellner, CHTD                  US Trustee
PO Box 5074                                102 Parkway Drive            ✓           1015 US Courthouse
Sioux Falls SD 57117-5074                  P.O. Box 514                             300 S 4th St
  Attn: Managing Agent                     Montevideo MN 56265-0514                 Minneapolis, MN 55415-3070
```

| | | |
|---|---|---|
| VERMEER CATTLE COMPANY<br>4220 Harrison Ave<br>Sioux Center IA 51250-7563<br>　Attn: Managing Agent | Carol A. Hoines<br>c/o Krystal M. Lynne<br>Stermer & Sellner, Chtd.<br>PO Box 514<br>Montevideo, MN 56265-0514  | David C. McLaughlin<br>Fluegel Anderson McLaughlin & Brutlag<br>25 2nd St NW, Suite 102<br>Ortonville, MN 56278-1477 |
| David J Deboer<br>805 141st Street<br>Luverne, MN 56156-4044 | Helen B. Short<br>c/o Krystal M. Lynne<br>Stermer & Sellner, Chtd.<br>P.O. Box 514<br>Montevideo, MN 56265-0514 | Kyle Carlson<br>PO Box 519<br>Barnesville, MN 56514-0519 |
| Lisa M Deboer<br>805 141st Street<br>Luverne, MN 56156-4044 | | |

**The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.**

(d)American State Bank of Iowa
525 N. Main Avenue
Sioux Center, IA 51250-1823

End of Label Matrix
Mailable recipients   36
Bypassed recipients    1
Total                 37